| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO**<br>Denver City and County Building<br>1437 Bannock Street, Room 256 (Clerk's Office)<br>Denver, CO 80202 | DATE FILED: December 12, 2022 8:50 PM<br>FILING ID: C837162425B5E<br>CASE NUMBER: 2022CV33567 |
| Plaintiff:   **RICHARD JUDSON, JR.**<br><br>v.<br><br>Defendant: **DILLON REAL ESTATE CO., INC.** | ▲COURT USE ONLY▲ |
| **Attorneys for Plaintiff:**<br>Nathan T. Mattison, #38627<br>Alissa M. Peashka, # 43645<br>Law Offices of Dianne Sawaya, LLC<br>4500 Cherry Creek Drive South, Suite 1030<br>Denver, CO 80246<br>Phone Number: (303) 758-4777<br>Fax Number: (303) 758-4779<br>E-mail: nmattison@dlslawfirm.com;<br>          apeashka@dlslawfirm.com | Case Number:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT** ||

Plaintiff, Richard Judson, Jr. **("Plaintiff")**, by and through counsel, for his Complaint against the Defendant, Dillon Real Estate Co. Inc. ( **"Defendant"**), states and alleges as follows.

## I. PARTIES

### A. Plaintiff

1. Upon information and belief, at all relevant times, Plaintiff resided in Lamar, Prowers County, Colorado.

2. Upon information and belief, at the time of the incident (which occurred on or about December 14, 2020) giving rise to this suit **("the incident")**, Plaintiff was an employee of Rupp's Truck and Trailer Repair Inc d/b/a Rupps Trucking **("Employer")**, which was a Colorado corporation.

3. Upon information and belief, at all relevant times, Employer's principal place of business's street and mailing addresses were identical, located in Prowers County at 32565 Speculator Circle, Lamar, CO 81052.

4. Upon information and belief, at the time of the incident, Plaintiff worked as a truck driver for Employer, which involved driving its trucks to deliver goods.

5. Upon information and belief, at the time of the incident, Plaintiff was acting within the course and scope of his employment with Employer.

6. Upon information and belief, at the time of the incident, Plaintiff was at an industrial warehouse located in <u>Denver</u> County at 10251 East 51st Avenue, Denver, CO 80239 **("the Property")**, to which he had driven to deliver goods.

### B. <u>Defendant Dillon Real Estate Co., Inc.</u> *("Defendant DRE")*

7. Upon information and belief, at all relevant times, **Defendant Dillon Real Estate Co., Inc.** *("Defendant DRE")* was a foreign corporation incorporated in Kansas.

8. Upon information and belief, at all relevant times, Defendant DRE's principal place of business's street address was located at 1014 Vine Street, Cincinnati, Ohio 45202.

9. Upon information and belief, at all relevant times, Defendant DRE was an entity registered with the Colorado Secretary of State.

10. Upon information and belief, at all relevant times, Defendant DRE's Colorado registered agent was the Corporation Service Company, located at a street address of 1900 West Littleton Boulevard, Littleton, CO 80120.

11. Upon information and belief, at all relevant times, Defendant DRE was an entity which was authorized to do, and was doing, business in Colorado, including purchasing, selling, leasing, developing, and/or managing commercial real estate, such as industrial warehouses.

12. Upon information and belief, at all relevant times, Defendant DRE's business activities in Colorado included performing such activities regarding the Property.

13. Upon information and belief, based on search results from the City and County of Denver's Property Taxation and Assessment System, Defendant DRE has owned the Property, identified as Schedule Number 01151-00-025-000, since it was built in 2000.

14. Upon information and belief, the incident occurred on that section of the Property containing a Kroger/King Soopers Distribution Center **("the Warehouse")**.

### C. <u>Subject Tort(s)</u>

15. Upon information and belief, Defendant committed one or more torts **["the tort(s)"]** arising out of its ownership of and/or performance of operations, management, service, repair, cleaning, control, or other activities at or on the Property, forming the basis for this suit.

## II.  **JURISDICTION AND VENUE**

16.     Jurisdiction is proper pursuant to Article 6 § 9 of the Colorado State Constitution.

17.     Venue is proper in <u>Denver</u> County because:

   a.  Defendant is a non-resident of Colorado; therefore, this action on a tort may be tried in any Colorado county where it may be found. [C.R.C.P. 98(c)(1)].

   b.  It is where Defendant committed the tort(s) [C.R.C.P. 98(c)(5)].

## III. **GENERAL AND FACTUAL ALLEGATIONS**

18.     Plaintiff incorporates by reference the paragraphs above, as if set forth fully here.

19.     Upon information and belief, Kroger/King Soopers requires drivers delivering goods to the Warehouse on the Property to request a specific delivery date and time.

20.     Upon information and belief, after Kroger/King Soopers receives the driver's delivery request, it assigns the driver a specific delivery date and a time window within which the delivery must be completed.

21.     Upon information and belief, on or about December 14, 2020, Plaintiff checked in with Warehouse personnel around 9:24 p.m. for an 11 p.m. appointment to deliver frozen goods to a freezer at the Warehouse.

22.     Upon information and belief, Warehouse personnel directed Plaintiff to park at Dock #6.

23.     Upon information and belief, Kroger/King Soopers requires its Warehouse personnel receiving deliveries to complete paperwork acknowledging receipt of the delivered goods.

24.     Upon information and belief, around 10:45 p.m. that day, Warehouse personnel called Plaintiff and told him that his delivery paperwork was ready for him to pick up.

25.     Upon information and belief, Plaintiff went inside the Warehouse and obtained the paperwork.

26.     Upon information and belief, Plaintiff then left the Warehouse and began walking back to his truck via a concrete sidewalk containing some concrete stairs.

27.     Upon information and belief, at the time of the incident, the weather was snowy, windy, and cold, and there was snow and ice on the sidewalk, making it slippery.

28. Upon information and belief, at the time of the incident, neither Defendant, nor any of its employees and/or agents, had taken action to remove and/or mitigate the snow and/or ice, including, but not limited to, shoveling it and/or applying ice melt on top of it.

29. Upon information and belief, while walking down the sidewalk on his way back to his truck, Plaintiff had reached some stairs, which he had started to descend when he became blinded by a bright light, and he slipped on the icy and/or snowy stairs and fell **("the incident")**.

30. Upon information and belief, immediately before and at the time of the incident, Plaintiff had considered the weather conditions and, accordingly, took action to protect himself from any potential danger, including, but not limited to:

   a. wearing proper footwear;
   b. walking carefully and cautiously;
   c. observing the surrounding environment for any potential dangers; and
   d. minimizing or eliminating distractions.

31. Upon information and belief, the incident caused Plaintiff to sustain bodily injuries.

32. Upon information and belief, shortly after the incident, Plaintiff went to North Suburban Medical Center for emergency evaluation and treatment of his injuries.

33. Upon information and belief, Plaintiff developed other injuries, conditions, and symptoms due to the incident.

34. Upon information and belief, Plaintiff subsequently sought and obtained other treatment from various health care providers for his incident-related injuries, conditions, and symptoms.

35. Upon information and belief, as a result of his injuries caused by the incident, Plaintiff incurred damages and losses.

36. Plaintiff was not comparatively negligent in contributing to or causing either the incident or any of his injuries, damages, and losses.

37. At all relevant times, Plaintiff mitigated his injuries, damages, and losses resulting from the incident.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
### Colorado Premises Liability Act [C.R.S. §13-21-115(3)(c)]:
### Liability to Invitee

38. Plaintiff incorporates by reference the paragraphs above, as if set forth fully here.

39. At the time of the incident, Defendant qualified as a "landowner" of the Property, within the meaning of C.R.S. §13-21-115, because:

    a. it was an authorized agent or a person in possession of the Property; and/or

    b. it was a person legally responsible:

        i. for the condition of the Property; and/or

        ii. for the activities conducted or circumstances existing on the Property.

40. At the time of the incident, Plaintiff was an employee of Employer and was acting within the course and scope of his employment by delivering goods to Warehouse personnel.

41. Upon information and belief, at all relevant times, Employer's drivers, including Plaintiff, delivered goods to the Warehouse pursuant to a written agreement, which was in full force and effect, between Employer and Defendant.

42. The agreement meant that Defendant expressly and/or impliedly represented to Employer that its employees, including Plaintiff, were requested, expected, or intended to enter onto or remain on the Property.

43. As a result, at the time of the incident, Plaintiff was an "invitee" on the Property, within the meaning of C.R.S. §13-21-115(3)(c), (5)(a).

44. Because Plaintiff was an "invitee," Defendant owed Plaintiff a duty to use reasonable care to protect him against any dangers on the Property.

45. At the time of the incident, the Property contained a dangerous condition: namely, snow and/or ice on the sidewalk and/or stairs.

46. This dangerous condition caused Plaintiff to slip and, as a result, sustain injuries, damages, and losses, including, but not limited to: bodily injuries; permanent physical impairment and/or disfigurement; economic damages, including, but not limited to: past and future medical expenses (including medical bills, medical mileage, and out-of-pocket expenses) and past and future wage loss (including lost wages, lost earning capacity, and loss of time); and non-economic damages (including mental anguish, pain and suffering, loss of enjoyment of life, and inconvenience).

47. Defendant <u>actually</u> knew about this dangerous condition, <u>or</u>, as a person or entity using reasonable care, <u>should have</u> known about this dangerous condition.

48. Defendant failed to use reasonable care to protect Plaintiff from injuries, damages, and losses resulting from this dangerous condition.

49. Defendant's failure to do so was a cause of Plaintiff's injuries, damages, and losses.

**SECOND CLAIM FOR RELIEF:**
**Colorado Premises Liability Act [C.R.S. §13-21-115(3)(c)]:**
**Liability to <u>Licensee</u>**

*[IN THE <u>ALTERNATIVE</u> to Plaintiff's <u>First</u> Claim for Relief]*

50. Plaintiff incorporates by reference the paragraphs above, as if set forth fully here.

51. At the time of the incident, Defendant qualified as a "landowner" of the Property, within the meaning of C.R.S. §13-21-115, because:

   a. it was an authorized agent or a person in possession of the Property; and/or

   b. it was a person legally responsible:

      i. for the condition of the Property; and/or

      ii. for the activities conducted or circumstances existing on the Property.

52. At the time of the incident, Plaintiff was an employee of Employer and was acting within the course and scope of his employment by delivering goods to Warehouse personnel.

53. Upon information and belief, at all relevant times, Employer's drivers, <u>including Plaintiff</u>, delivered goods to the Warehouse pursuant to a written agreement, which was in full force and effect, between Employer and Defendant.

54. The agreement meant that Defendant gave permission or consent to Employer's employees, <u>including Plaintiff</u>, to work on the Property.

55. Plaintiff's employment with Employer represented his entrance onto or remaining on the Property for his own convenience or to advance his own interest.

56. As a result, at the time of the incident, Plaintiff was a "licensee" on the Property, within the meaning of C.R.S. §13-21-115(3)(b), (5)(b).

6

57. Because Plaintiff was a "licensee," Defendant owed Plaintiff a duty to use reasonable care:

    a. with respect to a danger on the Property which Defendant created, and about which it actually knew, before Plaintiff incurred any injuries, damages, or losses; and

    b. to warn about a danger on the Property which Defendant did <u>not</u> create, but about which it <u>actually</u> knew, and which was <u>not</u> a danger that ordinarily would be present in an industrial warehouse setting, such as the Property.

58. At the time of the incident, the Property contained a dangerous condition: namely, snow and/or ice on the sidewalk and/or stairs.

59. This dangerous condition caused Plaintiff to slip and, as a result, sustain injuries, damages, and losses, including, but not limited to: bodily injuries; permanent physical impairment and/or disfigurement; economic damages, including, but not limited to: past and future medical expenses (including medical bills, medical mileage, and out-of-pocket expenses) and past and future wage loss (including lost wages, lost earning capacity, and loss of time); and non-economic damages (including mental anguish, pain and suffering, loss of enjoyment of life, and inconvenience).

60. Snow and/or ice on the sidewalk and/or stairs was not a danger that ordinarily would be present if Defendant had:

    a. taken appropriate action to remove and/or mitigate the snow and/or ice; and/or

    b. directed its employees and/or agents to perform these actions; and/or

    c. ensured that its employees and/or agents performed these actions properly.

61. Such appropriate actions would have included, but not been limited to, shoveling the snow and/or ice and/or applying ice melt on top of it.

62. Defendant:

    a. created this dangerous condition *[by not performing the actions detailed in Paragraphs <u>60 and 61</u>, above]* and actually knew about it before Plaintiff incurred any injuries, damages, or losses; <u>or</u>

    b. did <u>not</u> create this dangerous condition, but <u>actually</u> knew about it, and it was <u>not</u> a danger that ordinarily would be present in an industrial warehouse setting, such as the Property *[if it had performed the actions detailed in Paragraphs <u>60 and 61</u>, above]*.

7

63. Defendant failed to use reasonable care:

   a. with respect to these dangerous conditions which Defendant created *[as detailed in Paragraphs 60 through 62, above]*, and about which it actually knew before Plaintiff incurred any injuries, damages, or losses; and/or

   b. to warn about these dangerous conditions which Defendant did not create, but about which it actually knew, and which were not dangers that ordinarily would be present in an industrial warehouse setting, such as the Property *as detailed in Paragraphs 60 through 62, above]*.

64. Defendant's failure to do so was a cause of Plaintiff's injuries, damages, and losses.

## THIRD CLAIM FOR RELIEF:
### Negligence

*[IN THE ALTERNATIVE to Plaintiff's First AND Second Claims for Relief]*

65. Plaintiff incorporates by reference the paragraphs above, as if set forth fully here.

66. Defendant owed a duty to Plaintiff to exercise reasonable care in maintaining the Property to keep it free of dangerous conditions and/or remove and/or mitigate any dangerous conditions.

67. At the time of the incident, the Property contained a dangerous condition: namely, snow and/or ice on the sidewalk and/or stairs.

68. Defendant breached its duty to Plaintiff by failing to exercise reasonable care in maintaining the Property *[by not performing the actions detailed in Paragraphs 60 and 61, above]*.

69. Defendant's breach of its duty to Plaintiff caused the incident to occur.

70. Defendant's breach of its duty to Plaintiff, resulting in the incident, caused Plaintiff sustain injuries, damages, and losses, including, but not limited to: bodily injuries; permanent physical impairment and/or disfigurement; economic damages, including, but not limited to: past and future medical expenses (including medical bills, medical mileage, and out-of-pocket expenses) and past and future wage loss (including lost wages, lost earning capacity, and loss of time); and non-economic damages (including mental anguish, pain and suffering, loss of enjoyment of life, and inconvenience).

## V. **REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff, Richard Judson, Jr., respectfully requests that judgment be entered in his favor, and against the Defendant, Dillon Real Estate Co. Inc., in an amount, to be determined at trial, to fairly compensate Plaintiff for his injuries, damages, and losses, including, but not limited to:

- bodily injuries;

- permanent physical impairment and/or disfigurement;

- economic damages, including, but not limited to: past and future medical expenses (including medical bills, medical mileage, and out-of-pocket expenses) and past and future wage loss (including lost wages, lost earning capacity, and loss of time);

- non-economic damages (including mental anguish, pain and suffering, loss of enjoyment of life, and inconvenience);

- interest (including post-incident, pre-filing, and post-filing interest) per statute and as otherwise permitted under Colorado law;

- costs (including, but not limited to, court costs and expert witness fees);

- reasonable attorney's fees per statute and as otherwise permitted under Colorado law; and

- such other and further relief as the Court deems just and proper.

Dated: Monday, December 12, 2022.

                                      Respectfully submitted,

                                      **LAW OFFICES OF DIANNE SAWAYA, LLC**

                                      *s/ Alissa M. Peashka*
                                      Nathan T. Mattison, Esq.
                                      Alissa M. Peashka, Esq.
                                      *Attorneys for Plaintiff*

Plaintiff's address:
c/o Law Offices of Dianne Sawaya, LLC
4500 Cherry Creek Drive South, Suite 1030
Denver, CO 8024

| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO**<br>Denver City and County Building<br>1437 Bannock Street, Room 256 (Clerk's Office)<br>Denver, CO 80202 | DATE FILED: December 12, 2022 8:50 PM<br>FILING ID: C837162425B5E<br>CASE NUMBER: 2022CV33567 |
| Plaintiff:   **RICHARD JUDSON, JR.**<br><br>v.<br><br>Defendant: **DILLON REAL ESTATE CO., INC.** | ▲**COURT USE ONLY**▲ |
| **Attorneys for Plaintiff:**<br>Nathan T. Mattison, #38627<br>Alissa M. Peashka, #43645<br>Law Offices of Dianne Sawaya, LLC<br>4500 Cherry Creek Drive South, Suite 1030<br>Denver, CO 80246<br>Phone Number: (303) 758-4777<br>Fax Number: (303) 758-4779<br>E-mail: nmattison@dlslawfirm.com;<br>         apeashka@dlslawfirm.com | Case Number:<br><br>Division:<br><br>Courtroom: |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE-NAMED DEFENDANT:**

**DILLON REAL ESTATE CO., INC.**
1014 Vine Street
Cincinnati, Ohio 45202

*In care of its registered agent*:
**Corporation Service Company**
1900 West Littleton Boulevard
Littleton, CO 80120

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within twenty-one (21) days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within thirty-five (35) days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

The following documents also are served with this Summons:
1. Complaint; and
2. District Court Civil Case Cover Sheet.

Dated: <u>Monday, December 12, 2022</u>.

              Respectfully submitted,

              **LAW OFFICES OF DIANNE SAWAYA, LLC**

              <u>*s/ Alissa M. Peashka*     </u>
              Nathan T. Mattison, Esq.
              Alissa M. Peashka, Esq.
              *Attorneys for Plaintiff*